UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANALIA FERNANDA VEGA,

Plaintiff,

-against-

BRONX HOUSING CIVIL COURT,

Defendant.

1:25-CV-2907 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Analia Fernanda Vega, of the Bronx, New York, appears *pro se*, invoking the court's federal-question jurisdiction. She sues the "Bronx Housing Civil Court," which the Court understands to be the New York City Civil Court, Housing Part, Bronx County ("Bronx Housing Court"). She seeks damages and any other relief that the Court deems proper. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and claims under state law.

On April 9, 2025, the court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

[1] In her IFP application, Plaintiff reveals the full names, as opposed to the names' initials, of minor children. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission referring to a minor child my only refer to that child's name by using the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Thus, in abundance of caution, the Court has directed the Clerk of Court to restrict public electronic access to Plaintiff's IFP application.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint[2]: On or about April 10, 2023, Plaintiff was involved in an accident in an elevator in the Bronx Housing Court. While she was in the elevator, it malfunctioned and fell two floors; she was also trapped in that elevator for an hour and a half. Emergency personnel extracted Plaintiff from the elevator and brought her to a hospital for emergency care because she was suffering from a panic attack and psychological trauma. Because of that accident, Plaintiff was unable to work for 10 days, and she suffers from emotional and psychological distress, including recurring nightmares, insomnia, and fear of elevators and darkness. Plaintiff alleges that "[t]he accident was caused by the negligence of the Defendant[], including failure to properly inspect, maintain, and operate the elevator in a safe and functional condition." (ECF 1, at 3.)

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

## DISCUSSION

### A. The Eleventh Amendment

The Court must dismiss Plaintiff's claims under both federal and state law pursuant to the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States, their agencies, and their instrumentalities from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

The Eleventh Amendment also precludes a plaintiff from seeking, in federal court, relief under state law against a State, its agencies, and its instrumentalities. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-42 (2002); *Halderman*, 465 U.S. at 120-21; *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("'Although the text of the [Eleventh] Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts,' it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court." (citation omitted)).

The Bronx Housing Court, like all Housing Courts within the State of New York, is a part of the New York State Unified Court System, and is therefore an arm of the State of New York; it thus enjoys Eleventh Amendment immunity. *See Powell v. New York Hous. Court*, No. 1:23-CV-4617 (MKV), 2023 WL 6606846, at *3 (S.D.N.Y. Oct. 10, 2023) (citing and quoting

*Gollomp*, 568 F.3d at 368); *see also Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity"). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court for claims under this statute, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Court therefore dismisses Plaintiff's claims under Section 1983 and under state law pursuant to the doctrine of Eleventh Amendment immunity, for seeking monetary relief from a defendant who immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").[3]

**B. Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

[3] The Court dismisses these claims without prejudice to any claims under state law that Plaintiff may wish to assert in a state court against the owner of the building in which the Bronx Housing Court is located.

**CONCLUSION**

The Court dismisses this action, under the doctrine of Eleventh Amendment immunity, for seeking relief from a defendant that is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: July 15, 2026
New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.